UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PETER SHAH,

                Plaintiff,

v.

BANK OF AMERICA, N.A., PNC BANK N.A., NATIONSTAR MORTGAGE, LLC,

                Defendants.

Civ. No. 16-6168

OPINION

THOMPSON, U.S.D.J.

This matter comes before the Court *sua sponte* based on the Court's review of the complaint filed by *pro se* Plaintiff Peter Shah ("Plaintiff"). (ECF No. 1). The Court ordered Plaintiff to show cause why this matter was not barred by the *Rooker-Feldman* doctrine and should not be dismissed on those grounds. (ECF No. 4). Plaintiff filed two briefs in response to the order to show cause. (ECF Nos. 5, 6). For the reasons stated herein, Plaintiff's complaint will be dismissed without prejudice because consideration of this matter is barred by the *Rooker-Feldman* doctrine.

## BACKGROUND

This matter concerns Defendants' allegedly fraudulent actions—replacing the description of property from the mortgage with a different description of property—in a state foreclosure action, and Defendants falsifying documents in the subordination agreements between them. Plaintiff alleges that Defendant Bank of America fraudulently replaced the description of the mortgaged property in the judgment with a different, "fabricated" description in the writ of execution. (Compl. ¶ 7-8, ECF No. 1). Defendant PNC Bank, who held a subordinate mortgage,

continued to perpetrate Bank of America's fraud by filing a non-contesting answer in the foreclosure case that included the fabricated description of property. (Compl. ¶¶ 14-16, ECF No. 1). Nationstar Mortgage, who also held a subordinate mortgage, allegedly trespassed on the property and harassed Plaintiff and his family subsequent to the foreclosure action by taking pictures and surveying the property. (Compl. ¶ 22-29, ECF No. 1).

Plaintiff alleges that Defendants' actions resulted in fraud in the foreclosure proceeding, trespass and photo taking of the house and premises, damages to the value of the house, loss of credit worthiness/score, and taking and slander of title. He requests both actual damages for loss of value of property and punitive damages for the alleged fabrication, forgery, and fraud and emotional stress to his family.

Plaintiff's exhibits include an email from him to a Nationstar representative acknowledging the pending Sheriff's Sale and requesting that Nationstar desist sending appraisers until after the sale. (Exhibit I, p. 2, ECF No. 1-2).

## **LEGAL STANDARD**

The court may dismiss a complaint *sua sponte* for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). The court must consider first whether it has jurisdiction, because if not, all other questions become moot.

When a court reviews a motion for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), it accepts as true all material factual allegations in the complaint. The plaintiff bears the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists, and a district court may properly dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) if it lacks the statutory or constitutional power to adjudicate it.

Where, as here, the plaintiff is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). "[A] litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Thakar v. Tan*, 372 Fed.Appx. 325, 328 (3d Cir. 2010) (citation omitted).

## ANALYSIS

The *Rooker-Feldman* doctrine dictates that federal district courts have no jurisdiction to review final decisions of state courts. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) (interpreting 28 U.S.C. § 1257). The statute states, "[f]inal judgments or decrees rendered by the highest court of a state in which a decision could be had, may be reviewed by the Supreme Court...." 28 U.S.C. § 1257. "Since Congress has never conferred a similar power of review on the United States District Courts, the Supreme Court has inferred that Congress did not intend to empower District Courts to review state court decisions." *Desi's Pizza,* 321 F.3d 411, 419 (3d Cir. 2003). Lower federal courts do not sit as appellate courts over final state-court judgments. *Kawall v. State of N.J.*, No. 15-6973 (KM), 2016 WL 4154135, at *2 (D.N.J. Aug. 1, 2016) (citing *Lance v. Dennis*, 546 U.S. 459, 463, 126 S. Ct. 1198 (2006)). This doctrine was limited by the Supreme Court's decision in *Exxon Mobil*, but the doctrine still bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005). Thus, the doctrine applies where "(1)

the federal plaintiff lost in state court; (2) the plaintiff complain[s] of injuries caused by [the] state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010).

Plaintiff argues there is an exception to the *Rooker-Feldman* for claims of fraud perpetrated on the state court.  Plaintiff cites *Goddard v. Citibank, N.A.* for the idea that "[i]f a federal plaintiff presents some independent claim… there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion," even if the result of the independent claim conflicts with the state court finding.  2006 U.S. Dist. LEXIS 19651, 2006 WL 842925 (E.D.N.Y. Mar. 27, 2006) (citing *Exxon Mobil v. Saudi Basic Industries Corp.*, 544 U.S. 280, 293 (2005)).  Thus, the federal court cannot review the state court foreclosure action directly, but may entertain a collateral claim related to the foreclosure action, even if the federal court can only find for the federal plaintiff if it finds the foreclosure action invalid, that is a cognizable, independent claim.  Furthermore, "a federal court may entertain a collateral attack on a state court judgment which is alleged to have been procured through fraud, deception, accident, or mistake…" *Goddard* at 17, (citing *In re Sun Valley Foods Co.*, 801 F.2d 186, 189 (6th Cir. 1986)).  In *Goddard*, the court found that it could not review the substance of the foreclosure action because of the *Rooker-Feldman* doctrine, but that the plaintiff had independent claims for conversion and intentional infliction of emotional distress (IIED), not available in state court, because her house was allegedly foreclosed upon due to fraud in the procurement of judgment and she suffered a stroke in the courtroom as a result.  *Id.* at 18.

In this case, Plaintiff does not challenge the result of the foreclosure action itself (Pl.'s Br. ¶¶ 1-3, ECF No. 5), which would be barred by the *Rooker-Feldman* doctrine.  In fact,

4

Plaintiff included an email sent by Plaintiff to a representative of Defendant NationStar, asking them to desist taking pictures until after the Sheriff's sale could be finalized.  (Compl. Ex. I at 2, ECF No. 1-2).  Thus, he is not challenging the foreclosure action but rather seeking damages for fraud in the procurement of the judgment and execution of the writ for the foreclosure.

However, the basis for damages that Plaintiff seeks are: damages to the value of the house and loss of equity, in the amount of $500,000; loss of credit worthiness/score; taking and slander of title; trespassing and photo taking of the house and premises; fabrication, forgery, and fraud.  Additionally, Plaintiff notes emotional damages in his "Statement for Complaint," saying Defendants' actions "cost us our sleep… and above all, has made my son worried about intruders, eviction and shelter."  (Statement Compl. ¶ 11.5, ECF No. 1-1).  Plaintiff requests $3,000,000 in punitive damages for the latter issues, as well as rescission of the mortgage contract, award of costs and fees, and any other appropriate remedy.

Damages to the value of the house, loss of credit worthiness/score, taking and slander of title, trespassing and photo taking of the house and premises, and related stress are the natural result of foreclosure and thus are subsumed by the state foreclosure action and barred from consideration by the federal courts under the *Rooker-Feldman* doctrine.  Furthermore, the alleged fabrication, forgery, and fraud did not result in a separate cause of action such as illegal conversion of property, as in *Goddard*.  Lastly, Plaintiff's alleged emotional damages—resulting in anxiety and loss of sleep for himself and his family—could be liberally construed as an attempt to describe an IIED claim parallel to that brought in *Goddard*.  However, the Third Circuit has stated that concern, anxiety, headaches, and loss of sleep did not constitute severe emotional distress sufficient to support recovery for IIED.  *Michel v. Levinson*, 437 F. App'x 160, 163 (3d Cir. 2011) ("Michel's concern and anxiety—the extent and duration of which are

unspecified—are insufficient as a matter of law to warrant recovery (citing *Buckley v. Trenton Saving Fund Soc.,* 544 A.2d 857, 865 (N.J. 1988) (evidence of "aggravation, embarrassment, an unspecified number of headaches, and loss of sleep" did not constitute severe emotional distress sufficient to support recovery on intentional infliction of emotional distress))).  Thus, Plaintiff has failed to state a claim independent of that heard in the state court proceeding and the Court must dismiss the complaint for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine.

## CONCLUSION

      For the foregoing reasons, Plaintiff's complaint is dismissed without prejudice for lack of subject matter jurisdiction—failing to state a claim independent of that heard in the state court proceeding.  An appropriate order will follow.

                                              */s/ Anne E. Thompson*
                                              ANNE E. THOMPSON, U.S.D.J.

**Date:** *10/20/16*